IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

DIANE NGUYEN, on behalf of herself                                    PLAINTIFF
and all others similarly situated

v.                          CASE NO. 4:24-CV-00815-BSM

CHRISTOPHER G. WHEELER, *et al.*                              DEFENDANTS

<u>ORDER</u>

    Savage Enterprises's motion to dismiss [Doc. No. 38] is granted on Diane Nguyen's

Arkansas Deceptive Trade Practices Act claim and denied on Nguyen's Racketeer Influenced

and Corrupt Organizations Act, Magnuson-Moss Warranty Act, product liability, and

rescission claims; Christopher Wheeler's motion to dismiss [Doc. No. 41] is granted; and

Nguyen's motion for jurisdictional discovery [Doc. No. 44] is denied.  The clerk is directed

to terminate Christopher Wheeler as a party and to update the case style to *Nguyen v. Savage*

*Enterprises, et al.*  Additionally, Nguyen has seven days to show cause why she should not

be sanctioned for citing nonexistent authority in her brief.

I. INTRODUCTION

    Nguyen alleges that defendants operate a coordinated enterprise that knowingly

produces, markets, and distributes vape pens that contain illegal levels of Delta-9 THC in

violation of federal and state law.  *See* Third Am. Compl. ¶¶ 1–2, Doc. No. 37.  Nguyen is

suing the following defendants: (1) Christopher Wheeler, a California individual and former

CEO of Savage Enterprises; (2) Savage Enterprises, a California corporation and

manufacturer of the vape pens; (3) Pur Iso Labs, a Texas limited liability company who

provides distillate for the vape pens; (4) Kunal Manmeet d/b/a Vapor Planet, an Arkansas limited liability company who is a retailer of the vape pens; and (5) Marin Analyics, a California limited liability company who conducts testing and certification for the vape pens. *See id.* ¶¶ 12–17. Nguyen alleges violations of the Racketeer Influenced and Corrupt Organizations Act (RICO), the Magnuson-Moss Warranty Act (MMWA), the Arkansas Deceptive Trade Practices Act (ADTPA), state product liability law, and state contract law. *See id.* ¶¶ 58–144.

Savage Enterprises moves to dismiss the claims against it because Nguyen has failed to state a claim upon which relief may be granted. Doc. No. 38. Wheeler moves to dismiss the claims against him because: (1) this court lacks personal jurisdiction over him; (2) Nguyen failed to properly serve him; and (3) Nguyen has failed to state a claim against him. Doc. No. 41. Nguyen requests jurisdictional discovery to help establish the scope and nature of Wheeler's contacts with Arkansas. Doc. No. 44.

## II. LEGAL STANDARDS

### A.  Personal Jurisdiction

Federal Rule of Civil Procedure 12(b)(2) permits dismissal for lack of personal jurisdiction. In order to survive a motion for lack of personal jurisdiction, the plaintiff must make a prima facie showing that the court has personal jurisdiction over the defendant. *Epps v. Stewart Info. Servs. Corp.*, 327 F.3d 642, 647 (8th Cir. 2003). The plaintiff bears the burden of proof of whether jurisdiction exists. *Id.* The evidence must be viewed in a light most favorable to the plaintiff and all factual conflicts must be resolved in favor of the

2

plaintiff. *Digi-Tel Holdings, Inc. v. Proteq Telecomm., Ltd.*, 89 F.3d 519, 522 (8th Cir. 1996).

      B.    <u>Service of Process</u>

Federal Rule of Civil Procedure 12(b)(4) permits a defendant to challenge the sufficiency of service of process. If a defendant is not properly served, a federal court lacks jurisdiction over that defendant whether or not he has actual notice of the suit. *Adams v. AlliedSignal Gen. Aviation Avionics*, 74 F.3d 882, 885 (8th Cir. 1996). Once a plausible challenge is made, the plaintiff has the burden to demonstrate sufficient process. *See Northrup King Co. v. Compania Productora Semillas Algodoneras Selectas, S.A.*, 51 F.3d 1383, 1387 (8th Cir. 1995).

      C.    <u>Failure to State a Claim</u>

Federal Rule of Civil Procedure 12(b)(6) permits dismissal when the plaintiff fails to state a claim upon which relief may be granted. To meet the 12(b)(6) standard, a complaint must allege sufficient facts that state a plausible claim of relief to which the plaintiff may be entitled. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (2009). Although detailed factual allegations are not required, threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, are insufficient. *Id.* In ruling on a 12(b)(6) motion to dismiss, materials embraced by the pleadings, as well as exhibits attached to the pleadings and matters of public record, may all be considered. *Mills v. City of Grand Forks*, 614 F.3d 495, 498 (8th Cir. 2010).

3

III. DISCUSSION

Savage's motion to dismiss is granted on Nguyen's ADTPA claim and denied on Nguyen's RICO, MMWA, product liability, and rescission claims; Wheeler's motion to dismiss is granted; and Nguyen's motion for jurisdictional discovery is denied.

A.    Savage's Motion to Dismiss

Savage's motion to dismiss is granted on Nguyen's ADTPA claim and denied on Nguyen's RICO, MMWA, product liability, and rescission claims.

*1. ADTPA Claim (Count VII)*

The motion to dismiss the Arkansas Deceptive Trade Practices Act (ADTPA) claim is granted because Nguyen has no private right of action under the ADTPA. The ADTPA protects Arkansas consumers from a variety of unfair and deceptive practices but its "safe-harbor" provision precludes actions against regulated entities that engage in regulated conduct. *Tuohey v. Chenal Healthcare, LLC*, 173 F. Supp. 3d 804, 809 (E.D. Ark. 2016). The only exception to the safe-harbor provision is if the Arkansas Attorney General declines to proceed against a defendant after a specific request is made to him. *See Arloe Designs, LLC v. Ark. Capital Corp.*, 431 S.W.3d 277, 281 (Ark. 2014). The safe-harbor provision applies here because the hemp industry is heavily regulated and Nguyen has not alleged that she sought AG involvement. *See* 7 C.F.R. § 990.1; *Ford v. Citimortgage, Inc.*, No. 3:15-CV-00206-DPM, 2015 WL 7429990, at *2 (E.D. Ark. Nov. 20, 2015).

### 2. RICO Claims (Counts I–V)

Savage's motion to dismiss Nguyen's RICO claims is denied because Nguyen has plausibly alleged RICO claims.

### a.    Substantive RICO Claims

Savage's motion to dismiss Nguyen's substantive RICO claims is denied because Nguyen has sufficiently alleged RICO violations. To overcome dismissal, Nguyen must have alleged that "defendants engaged in (1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity." *Reichert v. UB Mortg., LLC*, No. 4:08-CV-00158-JMM, 2008 WL 3200757, at *2 (E.D. Ark. Aug. 5, 2008) (citing *Handeen v. Lemaire*, 112 F.3d 1339, 1347 (8th Cir. 1997)). Nguyen has met the relevant conduct element by alleging that Savage was the manufacturer, which places Savage within "the operation or management of the enterprise itself." *Reves v. Ernst & Young*, 507 U.S. 170, 185 (1993). Nguyen has met the second element because an "enterprise includes any group . . . associated together for a common purpose of engaging in a course of unlawful conduct" and that is what Nguyen alleges. *Robins v. Global Fitness Holdings, LLC*, 838 F. Supp. 2d 631, 651 (N.D. Ohio 2012) (citing 18 U.S.C. § 1961(4); *United States v. Turkette*, 452 U.S. 576, 583 (1981)). Nguyen has met the third element by alleging at least two predicate offenses were committed within ten years of each other—i.e., (1) violations of the Controlled Substances Act and (2) mail and wire fraud. *See RJR Nabisco v. European Cmty.*, 579 U.S. 325, 329–30 (2016). Finally, Nguyen sufficiently alleges racketeering activity. *See Safe Streets All. v. Hickenlooper*, 859 F.3d 865, 882 (10th Cir. 2017) (selling marijuana is racketeering activity).

b.      RICO Conspiracy

The motion to dismiss the conspiracy claim is denied.  To establish a RICO conspiracy, Nguyen must allege that Savage committed a substantive RICO violation and that it objectively manifested an agreement to participate in the affairs of a RICO enterprise. *See Bucco v. W. Iowa Tech Cmty. Coll.*, 555 F. Supp. 3d 628, 646 (N.D. Iowa 2021) (citing *United States v. Darden*, 70 F.3d 1507, 1518 (8th Cir. 1995)).  Nguyen meets the first standard as set out in the previous section, and she meets the second standard by alleging that Savage manufactured the vape pens despite its knowledge of the pens' illegality and that it "was aware of the scope of the enterprise and intended to participate in it." *Aguilar v. PNC Bank, N.A.*, 853 F.3d 390, 402 (8th Cir. 2017) (citation omitted).  Although this allegation is thin, it is enough to survive dismissal.

### 3. MMWA Claim (Count VI)

The motion to dismiss Nguyen's Magnuson-Moss Warranty Act (MMWA) claim is denied.  To state a MMWA claim, Nguyen must allege that (1) the vape pens had a warranty; (2) the vape pens did not conform to the warranty; (3) Savage was given reasonable opportunity to cure any defects; and (4) Savage failed to cure the defects within a reasonable time or a reasonable number of attempts. *See Kuns v. Ford Motor Co.*, 926 F. Supp. 2d 976, 984 (N.D. Ohio 2013).

Nguyen has sufficiently alleged a MMWA claim.  First, she alleges the vape pens were warranted because Savage made specific factual claims about the pens' legality and safety. *See Brady v. Basic Research, L.L.C.*, 101 F. Supp. 3d 217, 234–35 (E.D.N.Y. 2015)

(MMWA claim sufficiently alleged against weight-loss supplement manufacturer where plaintiff alleged that supplement did not conform to representations in product marketing). Second, Nguyen alleges the vape pens did not conform to the warranty because they contained illegal levels of Delta-9 THC. Third, Savage was given reasonable opportunity to cure any defects since it knew of the pens' illegality the entire time. *See id.*; *see also Lynch v. Leeco Steel, LLC*, 707 F. Supp. 3d 830, 839 (W.D. Ark. 2023) (whether notice of a breach of warranty is sufficient is ordinarily a question of fact). Fourth, Nguyen alleges that Savage failed to cure the defects within a reasonable time because Savage knew of the pens' illegality for years. *See Rowe Int'l, Inc. v. J-B Enters., Inc.*, 647 F.2d 830, 833 (8th Cir. 1981) (reasonableness of time is ordinarily a question of fact).

Eastern District of Arkansas precedent permits Nguyen's MMWA claim despite there not being 100 named plaintiffs because satisfaction of the MMWA's jurisdictional requirement of 100 named plaintiffs is not necessary when there is jurisdiction under the Class Action Fairness Act. *See Leflar v. HP, Inc.*, No. 4:22-CV-00690-BRW, 2022 WL 5028362, at *3 (E.D. Ark. Oct. 4, 2022).

### 4. Product Liability Claim (Count VIII)

The motion to dismiss the product liability claim is denied. To state a product liability claim, Nguyen must allege: (1) damages; (2) proof that Savage was a manufacturer of the product; (3) proof that the product was supplied in a defective condition that rendered it unreasonably dangerous; and (4) proof that the defective condition was a proximate cause of the damages. *See Mason v. Mitcham*, 382 S.W.3d 717, 719 (Ark. Ct. App. 2011). Nguyen

sufficiently alleges her claim. First, she alleges damages in the form of economic harm. *See Bayer CropScience LP v. Schafer*, 385 S.W.3d 822, 832 (Ark. 2011) (Arkansas courts have "declined to recognize the economic-loss doctrine in cases of strict liability, as we allow the recovery of purely economic losses, even where the damage relates only to the defective product."). Second, Savage was the manufacturer of the vape pens. Third, Nguyen alleges that the vape pens were supplied in a defective condition that rendered them unreasonably dangerous because they contained illegal levels of Delta-9 THC. *See West v. Searle & Co.*, 806 S.W.2d 608, 613 (Ark. 1991) (whether oral contraceptive was unavoidably unsafe product was fact question in action by patient); *see also United States v. White Plume*, 447 F.3d 1067, 1075–76 (8th Cir. 2006) (CSA's regulation of hemp is not arbitrary and irrational). Fourth, she alleges the defective vape pens were the proximate cause of her economic harm. *See Wallis v. Ford Motor Co.*, 208 S.W.3d 153, 156 (Ark. 2005) ("benefit-of-the-bargain damages are only awarded in fraud cases where a party proves that the product received is not what was bargained for; that is, the product received in fact manifests that it is different from that which was promised").

### 5. Rescission Claim (Count IX)

The motion to dismiss the rescission claim is denied. Rescission involves a party's effort to abandon and recede from a contract that the party did not intend to make. *See Aetna Life Ins. Co. v. May*, 229 S.W.2d 238, 241 (Ark. 1950). If it is found that a party was duped into entering into an illegal contract, restitutionary damages may be awarded to allow that party to unwind the illegal contract. *See Williams v. Kagy*, 3 S.W.2d 332, 334 (Ark. 1928);

*Strout Realty, Inc. v. Burghoff*, 718 S.W.2d 469, 471 (Ark. Ct. App. 1986). Nguyen alleges that she was duped into buying vape pens that contained illegal levels of Delta-9 THC and that she would not have bought the vape pens if she knew otherwise. Based on these allegations, Nguyen can seek rescission and restitution.

      B.    <u>Wheeler's Motion to Dismiss</u>

Wheeler's motion to dismiss is granted because service was deficient.

*1. Service of Process*

"In Arkansas, statutory service requirements must be strictly construed, and compliance with them must be exact." *Mahone v. City of Marianna*, No. 2:23-CV-00118-KGB, 2024 WL 4265252, at *4 (E.D. Ark. Sept. 20, 2024) (citing *Smith v. Sidney Moncrief Pontiac, Buick, GMC Co.*, 120 S.W.3d 525, 530 (Ark. 2003)). On November 22, 2024, Nguyen was authorized to serve Wheeler by warning order pursuant to Federal Rule of Civil Procedure 4(e)(1) and Arkansas Rules of Civil Procedure 4(g)(3) and 4(h)(5). Doc. No. 29 at 2. "Federal Rule of Civil Procedure 4(e)(1) permits service pursuant to the rules of the state where the district court is located or where service is made." *Mahone*, 2024 WL 4265252, at *4. Arkansas Rule of Civil Procedure 4(g)(3) permits service by warning order whereby a party must publish the warning order weekly for two consecutive weeks in a newspaper of general circulation in the county where the action is filed. Arkansas Rule of Civil Procedure 4(h)(5) is a catch-all provision permitting service by any means acceptable to the court.

On December 9, 2024, Nguyen filed an affidavit of publication stating that her warning order to Wheeler was published only once on November 26, 2024 in the *Saline Courier*.  Doc. No. 32.  This attempt at service was improper.  This is true because the warning order was only published once instead of being published twice on consecutive weeks.  *Cf. XTO Energy, Inc. v. Thacker*, 467 S.W.3d 161, 168 (Ark. Ct. App. 2015) (surface estate owners' affidavit of publication of notice showed that notice of quiet-title action was published for just two weeks, rather than four weeks required by statute, and thus surface estate owners could not establish prima facie case to quiet title to mineral interest in themselves and chancery court lacked subject-matter jurisdiction to enter the quiet-title decree).  Moreover, the *Saline Courier* is not a newspaper of general circulation in the county where the action was filed because this lawsuit was originally filed in Pulaski County and not Saline County.  Nguyen's insufficient service of process is unacceptable and therefore jurisdiction cannot be exerted over Wheeler.

### 2. Personal Jurisdiction and Failure to State a Claim

Because Wheeler's motion to dismiss has been granted based on insufficient service, his arguments regarding personal jurisdiction and Nguyen's failure to state a claim against him do not need to be addressed for purposes of dismissal.

C.    Nguyen's Motion for Jurisdictional Discovery

Nguyen's request for jurisdictional discovery is denied because it is unnecessary.  *See Virden v. Alfa Vision Ins. Co.*, No: 4:16-CV-00816-JM, 2016 WL 9414038, at *2 (E.D. Ark. Aug. 10, 2016) (trial court has discretion in whether to permit jurisdictional discovery).

D.    <u>Show Cause</u>

Because I am bound to take all of the factual allegations in the complaint as true, I disagree with Savage that Nguyen fails to state certain claims against it.  I, however, do greatly appreciate the effort Savage went through to address Nguyen's brief.  Strikingly, in addition to the many misstatements of authority and inaccurate citations to her own complaint, Nguyen cites to four cases that do not exist.  *See* Doc. No. 47 at 39 (citing the nonexistent case *Kraft v. Brown & Williamson Tobacco Corp.*, 668 F. Supp. 2d 806, 812 (E.D. Ark 2009)); *id.* at 40 (citing the nonexistent case *Young v. Johnson & Johnson*, 983 F. Supp. 2d 747, 753 (E.D. Ark. 2013)); *id.* at 43 (citing the nonexistent case *Carpenter v. Auto-W. Inc.*, 553 S.W.3d 480, 484 (Ark. 2018)); *id.* at 45 (citing the nonexistent case *Miller v. Hall*, 360 S.W.2d 704, 706 (Ark. 1962)).  This is deeply concerning.  Therefore, Nguyen has seven days to show cause why she should not be sanctioned for citing nonexistent authority.

## IV. CONCLUSION

For these reasons, Savage's motion to dismiss is granted on Nguyen's ADTPA claim and denied on Nguyen's RICO, MMWA, product liability, and rescission claims; Wheeler's motion to dismiss is granted; and Nguyen's motion for jurisdictional discovery is denied. The clerk is directed to terminate Christopher Wheeler as a party and to update the case style to *Nguyen v. Savage Enterprises, et al.*  Additionally, Nguyen has seven days to show cause why she should not be sanctioned for citing nonexistent authority in her brief.

IT IS SO ORDERED this 19th day of February, 2025.

_____
UNITED STATES DISTRICT JUDGE