# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF ARKANSAS

**DIANE NGUYEN, individually and on behalf of all others similarly situated,**
**Plaintiff,**

**v.**   Case No. **4:24-cv-00815-**

**SAVAGE ENTERPRISES, et al.,**
**Defendants.**

COMES Luther Sutter, and for his Response to the Order to Show Cause, he states:

### I.   History of discipline

1. After 30 years of practice, undersigned counsel has filed thousands of pages of briefing from the highest Court in the land and at every level below. In that time, the most severe comment by any judicial officer has been the use of the word "despicable" in connection with the undersigned's expressed belief that Jim Harris had faked a heart attack[1]. The Court may or may not have considered that to be discipline.

---

[1] Unbeknownst to the Court at that time, undersigned's client had warned him weeks before Mr. Harris would fake a heart attack. Further, when MEMS responded, MEMS did not begin the heart attack protocol.

2. To his recollection, undersigned counsel has previously personally suffered two show cause orders in his career. The first was discharged because a satisfactory explanation, and the second appears to be still pending before this Court for filing a Reply Brief without leave of Court.

3. Decades ago, the undersigned counsel was ordered to pay less than $500.00 in a discovery dispute.

## II. Events in this case

1. The pleading at issue responded to a Motion to Dismiss an Amended Complaint. Plaintiff had already responded in large part to similar arguments in DE 35. The Court allowed Plaintiff to file an Amended Complaint.

2. In Response, Savage and Wheeler each filed a Motion to Dismiss, which contained arguments that the undersigned counsel and his team has addressed in other states on multiple occasions without resort to fictitious cites.

3. The undersigned counsel has filed similar lawsuits in several states across the country and currently supervises a team of lawyers, across the country. At one point AI had been used to assist in research, but that had ceased. It appears that some bad case law from that time may have crept into research files and got passed into this brief. Hundreds of thousands of dollars has

been spent in costs and time research the issues in this lawsuit. Because of his trial schedule and personal health issues within his family, undersigned counsel asked a young lawyer, who has his own firm, to assist in drafting the offending Brief. The young lawyer had clerked with S&G before he graduated and started working on a contract basis with S&G, once he was licensed in Alabama in 2023. The young lawyer, other experienced lawyers, and the undersigned worked hand in hand in drafting Complaints and briefs addressing the exact same issues in multiple states, and the young lawyer's work was more than satisfactory. But the above still does not excuse the filing of filing of a brief containing fictitious cites.

4. The young lawyer sent the undersigned a draft on the date it was due. Undersigned checked the brief for content, but did not apparently check the cites. Of note, on review of this matter, Lexis identified some of the fictitious cites but not all of them. Moving forward, the undersigned counsel will manuallycheck the cites for every Brief he files. But the above still does not excuse the filing of a brief containing fictitious cites.

5. Opposing counsel served no pleading on opposing counsel under Rule 11. Defense counsel did not disclose the citation issue until 1/30/25, the day before the undersigned counsel left to celebrate his 29th wedding anniversary for 10 days. Had a Rule 11 Motion been served, or had defense

counsel disclosed the issue, then the Briefing would have been corrected immediately in accordance with the safe harbor. But the above still does not excuse the filing of a brief containing fictitious cites.

6. On 1/30/2025, the Reply Brief was filed. Undersigned counsel did not read the reply until after he returned to the office on 2/11/25. After the undersigned read the Reply, he was in the process of researching an appropriate response within the Rule 11 21 day safe harbor, when this Court entered its show cause order. But the above still does not excuse the filing of a brief containing fictitious cites..

### III. Offending passages identified by the Court

1. Although the legal citations at issue here cited to a nonexistent case, each legal proposition was valid, as the Court recognized in its Order denying the Motion to Dismiss. Shockingly, the Brief also contains additional inaccurate citations that were not identified by the Court. But that does not excuse the undersigned filing of a brief containing fictitious cites.

### IV. CONCLUSION

1. Undersigned counsel regrets his mistake. An attempt to persuade a court or oppose an adversary by relying on fake opinions has been held to be an abuse of the adversary system. *Mata v. Avianca, Inc.,* 678 F. Supp. 3d 443, 448 (S.D.N.Y. 2023). Undersigned counsel did not check the cites in the Brief the young

lawyer drafted. Section 1927 warrants sanctions when an attorney's conduct "viewed objectively, manifests either intentional or reckless disregard of the attorney's duties to the court." Perkins v. Spivey, 911 F.2d 22, 36 (8th Cir. 1990) (quotation omitted), cert. denied, 499 U.S. 920 (1991); *Tenkku v. Normandy Bank*, 348 F.3d 737, 743 (8th Cir. 2003). There is insufficient evidence here to make this finding. But that does not excuse the filing of a brief containing fictitious cites.

2. Undersigned counsel is humbled and embarrassed. He takes full responsibility for what has occurred. Undersigned counsel knew of the dangers associated with AI and thought the dangers had been fully discussed with lawyers working with him. There are citation problems throughout the Brief, even some opposing counsel and the Court did not catch. So, had the undersigned checked even a few of the cites by hand, the Brief would not likely have been filed. In sum, the undersigned counsel had a duty to file a Brief that contained accurate citations. All the undersigned counsel can do is sincerely apologize and make it right. The undersigned counsel stands ready to appear before the Court for any and all appropriate proceedings and will personally do everything he can to make this right. If necessary, undersigned counsel can draft and file and file s substituted Brief.

    Respectfully Submitted,

    Luther Oneal Sutter, ARBN 95031
    **SUTTER & GILLHAM, P.L.L.C.**
    PO Box 2012

                                        Benton, AR  72015
                                        (501)315-1910 Office
                                        (501) 315-1916 Facsimile
                                        luther.sutterlaw@gmail.com

By:    */s/ Luther Oneal Sutter*_____
        Luther Oneal Sutter, ABN 95031