## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF ARKANSAS
## CENTRAL DIVISION

**DIANE NGUYEN, on behalf of herself**                                        **PLAINTIFF**
**and all others similarly situated**

v.                   **CASE NO. 4:24-CV-00815-BSM**

**SAVAGE ENTERPRISES,** *et al.*                                               **DEFENDANTS**

## **ORDER**

Diane Nguyen is ordered to pay $1000 into the registry of the court as a sanction for citing nonexistent authority in support of her response to Savage Enterprises's motion to dismiss. *See* Doc. No. 47. Nguyen was ordered to show cause why she should not be sanctioned for citing nonexistent authority. Doc. No. 55 at 11. She responded that artificial intelligence, as well as counsels' heavy workload and personal issues, may have contributed to the errors in her response. *See* Doc. No. 56 at 2–4. She concludes with an apology. *See id.* at 4–6.

When a party presents a pleading to the court, it is certifying that all of the claims, defenses and other legal contentions made in the pleading are warranted by existing law or a non-frivolous argument. *See* Fed. R. Civ. P. 11(b); *Stephen L. LaFrance Holdings, Inc. v. Sorensen*, No. 4:11-CV-00807-BRW, 2012 WL 299542, at *2 (E.D. Ark. Feb. 1, 2012). "A fake opinion is not 'existing law' and citation to a fake opinion does not provide a non-frivolous ground for extending, modifying, or reversing existing law, or for establishing new law. An attempt to persuade a court or oppose an adversary by relying on fake opinions is an abuse of the adversary system." *Mata v. Avianca, Inc.*, 678 F. Supp. 3d 443, 461

(S.D.N.Y. 2023) (citations omitted). A reasonable sanction may be imposed when Rule 11(b) is violated. *See Stephen L. LaFrance Holdings, Inc.*, 2012 WL 299542, at *2.

Nguyen's violation of Rule 11(b) warrants a reasonable sanction, and $1000 is reasonable because it is on the low end of the range of sanctions imposed on others who have engaged in similar conduct. *See, e.g.*, *Mata*, 678 F. Supp. 3d at 466 ($5,000); *Wadsworth v. Walmart Inc.*, No. 2:23-CV-118-KHR, 2025 WL 608073, at *8 (D. Wyo. Feb. 24, 2025) ($3,000 and $1,000); *United States v. Hayes*, No. 2:24-CR-0280-DJC, 2025 WL 235531, at *15 (E.D. Cal. Jan. 17, 2025) ($1,500).

For these reasons, Diane Nguyen has fourteen days to pay $1000 into the registry of the court as a sanction for citing nonexistent authority.

IT IS SO ORDERED this 3rd day of March, 2025.

_____
UNITED STATES DISTRICT JUDGE